PER CURIAM.
| denied. Relator’s application for post-conviction relief is untimely. See La. C.Cr.P. art. 930.8; State ex rel Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. In addition, relator’s claims are repetitive pursuant to La.C.Cr.P. art. 930.4.
Relator has now filed and fully litigated his application for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La. C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review.